```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DONALD R. WOOLEY, JR.                         CIVIL ACTION

VERSUS                                        NUMBER: 06-2800

N. BURL CAIN, WARDEN                          SECTION: "R"(5)
```

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Donald R. Wooley, Jr., and the State's response thereto. (Rec. docs. 3, 10, 14). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Wooley's petition be dismissed with prejudice.

Petitioner Wooley is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On August 21, 1986, Wooley was found guilty of second degree murder after trial, by jury, in the Criminal District Court for the Parish

of Orleans, State of Louisiana.  On September 12, 1986, Wooley was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence.

Through counsel, Wooley directly appealed his conviction and sentence to the Louisiana Fourth Circuit Court of Appeal arguing that the trial court erred in admitting statements he had made to his attorney while in an intoxicated and agitated state and that the evidence presented at trial was insufficient to support a conviction. After considering those two assignments of error, the Louisiana Fourth Circuit rejected them as being without merit. State v. Wooley, 523 So.2d 883, 885-86 (La. App. 4th Cir. 1988).  On its own initiative, the Louisiana Fourth Circuit then conducted a review of the record for errors patent, ultimately finding two.  Id. at 886-87.  In the first of those, the state appellate court noted that Wooley, who had previously been found to be indigent, had been ordered to pay $90 in court costs or to spend an additional thirty days in jail.  Accordingly, the Louisiana Fourth Circuit amended Wooley's sentence to delete the additional thirty days of jail time. Id.  Proceeding to the second error patent, the Louisiana Fourth Circuit observed as follows:

> Also, the record does not reveal whether defendant was present on August 21, 1986 when the jury instructions were read or at the jury's rendition of the verdict. The minute entry for this date does not reflect

>    defendant's presence.  Thus, we are unable to
>    determine if defendant was present as required
>    by C.Cr.P. Art. 831 or if defendant
>    affirmatively and knowingly waived his presence
>    as required by C.Cr.P. Art. 832.
>
>    Under these circumstances, we conclude that a
>    contradictory hearing is necessary to determine
>    if the defendant was in fact present when the
>    jury was instructed and at the time the verdict
>    was rendered.
>
>    <u>Because we find no trial error, it is not
>    necessary to reverse the conviction and
>    sentence at this time</u>.  The contradictory
>    hearing may cure the errors noted. The trial
>    Judge may grant a new trial should it be
>    determined that the requisites of Article 831
>    of the Code of Criminal Procedure were not met.
>    Furthermore, the right to appeal any adverse
>    ruling by the trial judge on this issue is
>    reversed to the defendant.  <u>State v. Senegal</u>,
>    333 So.2d 639 (La. 1976).
>
>    Accordingly, this matter is remanded to the
>    district court for a contradictory hearing in
>    accordance with this option.
>    <u>Absent a new trial being granted by the trial
>    judge or an appeal by defendant</u>, <u>the conviction
>    is affirmed</u> and the sentence is amended to
>    delete the requirement of a 30 day jail term in
>    lieu of payment of fine.
>
>                                   <u>Id</u>. (emphasis added).

Wooley's request for a rehearing of the Louisiana Fourth Circuit's decision was denied by that tribunal on May 11, 1988. <u>Wooley</u>, 523 So.2d at 883.  Under Article 922(C) of the Louisiana Code of Criminal Procedure, the judgment of the Louisiana Fourth Circuit affirming Wooley's conviction and sentence became final on

3

the latter date.  Wooley did not seek writs from the Louisiana Supreme Court.  It appears that the trial Judge was made aware of the Louisiana Fourth Circuit's decision on direct appeal because on June 20, 1988, she issued a pre curiam opinion in which she stated that Wooley had indeed been present at all critical stages of his trial.  (St. ct. rec., supp. vol. 1 of 4).

In the years that followed, Wooley filed various motions and writ applications in the state courts in an attempt to obtain free copies of documents related to his criminal conviction or to compel the trial court to conduct the contradictory hearing that the Louisiana Fourth Circuit had ordered in his direct criminal appeal. On March 18, 1994, Wooley signed a petition for writ of mandamus that was subsequently filed in the Louisiana Fourth Circuit under No. 94-K-0529 after his requests for transcripts were not granted by the trial court. (St. ct. rec., vol. 1 of 1).  That writ application was denied on May 23, 1994 based on Wooley's failure to articulate a particularized need for the transcripts under United States v. MacCollom, 426 U.S. 317, 96 S.Ct. 2086 (1986).  State v. Wooley, 94-K-0529 (La. App. 4th Cir. May 23, 1994)(unpublished order).  After apparently filing a motion for production of documents in the trial court which was not acted upon within a time frame of his liking, Wooley then filed a second petition for writ of mandamus that was denied by the Louisiana Fourth Circuit on October 21, 1994.  State

v. Wooley, No. 94-K-1669 (La. App. 4th Cir. Oct. 21, 1994)(unpublished order). On October 4, 1995, Wooley filed with the Louisiana Fourth Circuit a motion to re-set the contradictory hearing that tribunal had previously ordered. (St. ct. rec., vol. 1 of 1). On November 6, 1995, the Louisiana Fourth Circuit granted that motion and ordered the trial court to comply with its March 10, 1988 order in Wooley, supra, and to submit proof of compliance. State v. Wooley, 95-K-2178 (La. App. 4th Cir. Nov. 6, 1995)(unpublished order). When that directive was not complied with, on April 10, 1996, Wooley prepared and signed another application for writ of mandamus that was subsequently filed in the Louisiana Fourth Circuit under No. 96-K-826. (St. ct. rec., vol 1 of 1). On May 7, 1996, the state appellate court granted the writ application and ordered the trial court, under penalty of contempt, to conduct the contradictory hearing within thirty days and to submit proof of its compliance. State v. Wooley, No. 96-K-826 (La. App. 4th Cir. May 7, 1996)(unpublished order).

On May 24, 1996, the trial court conducted the previously-ordered contradictory hearing.[1]/ The minute entry and transcript from that proceeding indicate that Wooley was represented by counsel even though Wooley himself questioned the State's witnesses. (St.

---

[1]/   The hearing was conducted by a judge different from the one who had presided over Wooley's trial.

ct. rec., supp. vol. 1 of 4; rec. doc. 3, pp. 51-65).  After considering that testimony, the trial judge denied Wooley a new trial.  (Rec. doc. 3, p. 63).  Wooley did not appeal the trial judge's decision within the five-day appeal time then prescribed by LSA-C.C.P. Art. 914(B)(1).  Instead, on June 3, 1996, Wooley signed and dated a motion to reconsider judgment in which he argued that the May 24, 1996 hearing had not been full, fair, and impartial because he had not been appointed counsel for that proceeding.  (St. ct. rec., supp. vol. 4 of 4).  When Wooley had not received a ruling on that motion by August 9, 1996, he then drafted another writ application to the state appellate court in which he argued that the trial court erred in failing to appoint him counsel for the May 24, 1996 hearing and in failing to rule on his motion to reconsider judgment.  (St. ct. rec., vol. 1 of 1).  By way of a supplemental filing, Wooley also complained of the fact that he had not received a copy of the May 24, 1996 hearing transcript.  (Id.).  On September 13, 1996, the Louisiana Fourth Circuit denied Wooley's writ application, ruling that the minutes from May 24, 1996 reflected that Wooley had been represented by counsel at that hearing.  (Id.).  The Fourth Circuit also found that Wooley had provided insufficient proof regarding his entitlement to the hearing transcript.  (Id.).  From that unfavorable ruling, Wooley initially sought writs from the Louisiana Supreme Court but subsequently moved to voluntarily

dismiss that proceeding which was granted on May 16, 1997.  State ex rel. Wooley v. State, 693 So.2d 789 (La. 1997).

On January 15, 1997, Wooley filed another writ of mandamus in the Louisiana Fourth Circuit in which he sought an order directing the trial court to provide him with a copy of the May 24, 1996 transcript and to rule on his motion to reconsider judgment. (St. ct. rec., vol. 1 of 1).  On March 12, 1997, the Louisiana Fourth Circuit denied that writ application, stating that "[a] review of the record reveals that the relator has filed neither a motion for production of the transcript nor a motion for reconsideration of the trial court's ruling in the evidentiary hearing.  State v. Wooley, No. 97-K-0096 (La. App. 4th Cir. March 12, 1997)(unpublished order). Approximately one week later, Wooley drafted another writ application containing essentially the same allegations that had been urged in his most recent one. (St. ct. rec., vol. 1 of 1).  On May 21, 1997, the Louisiana Fourth Circuit granted that writ application, ordering the trial court to provide Wooley with the May 24, 1996 transcript and to rule on his motion to reconsider judgment within sixty days.  State v. Wooley, No. 97-K-0705 (La. App. 4th Cir. May 21, 1997)(unpublished order).  On May 27, 1997, the trial court issued an order granting Wooley's request for a copy of the transcript in question but denying his motion for reconsideration. (St. ct. rec. supp. vol. 1 of 4).

On July 24, 1997, Wooley executed yet another application for writ of mandamus in which he complained that he had not received a ruling from the trial court on his motion to reconsider judgment. (St. ct. rec., vol. 1 of 1). On September 15, 1997, the Louisiana Fourth Circuit granted that writ application and ordered the trial court to comply with the order it had issued in No. 97-K-0705 within thirty days. State v. Wooley, No. 97-K-1634 (La. App. 4th Cir. Sep. 15, 1997)(unpublished order). Presumably pursuant to that directive, the trial court held a "status conference" on October 27, 1997 with Wooley and his retained counsel in attendance. (St. ct. rec., vol. 1 of 1). At that proceeding, Wooley advised the sitting judge, the third jurist to preside over his case, that the transcript he was desirous of obtaining was from the trial which had taken place some ten years earlier. (Trans. of Oct. 27, 1997, p. 2). One of the assistant district attorneys present at the status hearing even suggested to the trial judge that the contradictory hearing ordered by the Louisiana Fourth Circuit in Wooley's direct appeal had yet to go forward. (Id.). At the conclusion of the brief conference, the trial judge gave the court reporter sixty days in which to locate the tapes from Wooley's trial for transcript preparation purposes. (Id. at pp. 3-4).

As reflected by the minute entry and docket master in the state court record, on March 19, 1998, the trial court held another

evidentiary hearing at which Wooley, who was represented by retained counsel, appeared and testified. (St. ct. rec., supp. vols. 3 and 4 of 4). After considering that testimony and reviewing the record, the presiding judge "upheld" the ruling the previous judge had made on May 24, 1996 denying Wooley a new trial. (Id.) Once again, Wooley did not appeal the trial judge's ruling within the five days allowed by Article 914(B)(1). Instead, on April 7, 1998, Wooley executed a motion for new trial in which he argued that the trial court's rulings of May 24, 1996 and March 19, 1998 were incorrect, a fact that could be borne out through a review of the trial transcript. (St. ct. rec., vol. 1 of 1). Neither the docket master nor minutes of the trial court record reflect that the motion for new trial was actually filed. On April 4, 2000, nearly two years later, Wooley drafted another writ of mandamus to the Louisiana Fourth Circuit, complaining of the lack of a ruling on the putative motion for new trial and attaching a copy of the motion to his writ. (Id.). On May 23, 2000, the Fourth Circuit denied Wooley's writ application after reviewing his motion for new trial on the merits and also denied his request for a copy of the trial transcript. State v. Wooley, No. 2000-K-0838 (La. App. 4th Cir. May 23, 2000)(unpublished order). Under Rule X, §5(a) of the Rules of the Louisiana Supreme Court, Wooley had thirty days from May 23, 2000 within which to timely apply for writs from the Louisiana Supreme

Court.  See Williams v. Cain, 217 F.3d 303, 304 (5th Cir. 2000). Wooley, however, failed to do so, waiting instead until July 18, 2000 to prepare his writ application to the state's highest court. (Rec. doc. 3, p. 16). That writ application was ultimately denied on October 5, 2001 without written reasons. State ex rel. Wooley v. State, 798 So. 2d 958 (La. 2001).

On February 28, 2001, Wooley prepared yet another application for writ of mandamus in which he alleged that the trial court had not acted upon a motion he claimed to have filed on November 24, 2000 requesting that the lower court enforce its order of October 27, 1997 relative to Wooley's trial transcript. (St. ct. rec., vol. 1 of 1). On April 26, 2001, the Louisiana Fourth Circuit denied Wooley's writ application, finding that he had failed to prove that he had been granted a copy of the trial transcript. State v. Wooley, No. 2001-K-0467 (La. App. 4th Cir. April 26, 2001)(unpublished order). Several weeks later, Wooley filed a motion for reconsideration of the Fourth Circuit's most recent ruling which was given a separate docket number, No. 2001-K-0879. (St. ct. rec., vol. 1 of 1). On May 31, 2001, the Louisiana Fourth Circuit granted that writ for the sole purpose of transferring it to the trial court for consideration, within forty-five days, of whether Wooley was entitled to a copy of his trial transcript. State v. Wooley, No. 2001-K-0879 (La. App. 4th Cir. May 31,

2001)(unpublished order). The expiration of that forty-five day time period prompted Wooley to file, and the Fourth Circuit to grant, a subsequent writ application directing the trial court to act within thirty days of October 10, 2001. State v. Wooley, No. 2001-K-1520 (La. App. 4th Cir. Oct. 10, 2001)(unpublished order). (St. ct. rec., supp. vol. 4 of 4). When that time frame expired, Wooley submitted to the trial court an application for rule to show cause and request for contradictory hearing asking that the clerk of the trial court be held in contempt and sanctioned for not providing Wooley with a copy of his trial transcript. (St. ct. rec., supp. vol. 1 of 4). On November 26, 2001, the trial court issued a judgment declaring that Wooley should bear the cost of copying the trial transcript because he had not demonstrated a particularized need for a free copy of it under MacCollom, supra. (Id.)

On September 25, 2002, Wooley prepared and thereafter submitted to the trial court a post-conviction relief application ("PCRA") containing three claims. (St. ct. rec., supp. vol. 1 of 4). Wooley subsequently supplemented that PCRA on July 15, 2003 based on some intervening case law. (Id.) When the PCRA as supplemented was not acted upon, Wooley once again petitioned the Louisiana Fourth Circuit for mandamus relief. On November 16, 2004, the Fourth Circuit denied Wooley's writ application, finding that his PCRA and supplement had not been filed in the trial court and that he had

failed to present a copy of those pleadings to the Fourth Circuit for its consideration. State v. Wooley, No. 2004-K-1651 (La. App. 4th Cir. Nov. 16, 2004)(unpublished order). Accordingly, Wooley was directed to re-file his PCRA and supplement in the trial court. (Id.). Another writ of mandamus was submitted by Wooley to compel the trial court to act on his PCRA which was supposedly re-filed on November 22, 2004. (St. ct. rec., vol. 1 of 1). On May 18, 2005, the Louisiana Fourth Circuit denied that writ application, finding that the three claims presented in the PCRA were time-barred under LSA-C.C.P. Art. 930.8 and finding that the fourth claim raised in the supplement to the PCRA was procedurally barred based on Wooley's failure to preserve the issue prior to trial. State v. Wooley, No. 05-K-0607 (La. App. 4th Cir. May 18, 2005)(unpublished order). From that adverse ruling, Wooley sought writs from the Louisiana Supreme Court which were denied without written reasons on April 17, 2006. State ex rel. Wooley v. State, 926 So.2d 502 (La. 2006). Wooley signed and dated his federal habeas corpus petition thirty days later on May 18, 2006. (Rec. doc. 3, pp. 7, 47-48).

As noted in the lengthy procedural history set forth above, on direct appeal to the Louisiana Fourth Circuit, that court affirmed Wooley's conviction effective May 11, 1988, the date that rehearing was denied by that tribunal. Wooley, 523 So.2d 883. Although the Fourth Circuit did remand the matter to the trial court for a

contradictory hearing to determine if Wooley had been present at all critical stages of the proceeding, the trial court did not grant him a new trial and Wooley did not appeal that adverse ruling to the state appellate court.  As neither of those two triggering events occurred, <u>Wooley</u>, 523 So.2d at 887, the finality of Wooley's conviction was never effected.  That being the case, because Wooley's conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), he had one year, or until April 24, 1997, within which to timely file his habeas petition in this court, <u>Flanagan v. Johnson</u>, 154 F.3d 196, 202 (5th Cir. 1998), excluding any time that "... a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims..." was pending in the state courts.  28 U.S.C. §2244(d)(2).  Although the State has done so in this case, the one-year time bar may be raised by the Court <u>sua sponte</u>.  <u>Kiser v. Johnson</u>, 163 F.3d 326, 328-29 (5th Cir. 1999).  With these precepts in mind, the Court must thus examine the time period subsequent to April 24, 1996 to determine if more than one year of untolled time expired before Wooley executed his federal habeas petition.

At the time that the AEDPA took effect on April 24, 1996, Wooley had pending before the Louisiana Fourth Circuit an

application for writ of mandamus in which he sought to compel the trial court to conduct the contradictory hearing that had been ordered in his direct criminal appeal. Wooley, No. 96-K-826. In Louisiana, however, such proceedings do not constitute "... properly filed application[s] for State post-conviction or other collateral review..." for tolling purposes under §2244(d)(2). Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002), cert. denied, 537 U.S. 1236, 123 S.Ct. 1360 (2003). See also Charleston v. Quarterman, 243 Fed.Appx. 859, 860 (5th Cir. 2007). On June 3, 1996, forty days after the effective date of the AEDPA, Wooley signed his motion to reconsider judgment. Only then was tolling arguably appropriate under §2244(d)(2). Wooley's motion to reconsider judgment remained pending before the trial court until it was formally denied on May 27, 1997. When he failed to appeal that ruling within the five-day period allowed by Article 914(B)(1), the one-year limitation period of §2244(d) commenced running again and was tolled three hundred nine days later when Wooley signed and dated his motion for new trial on April 7, 1998. Although Wooley had, in the interim, litigated another writ of mandamus in the Louisiana Fourth Circuit from July 24, 1997 to September 15, 1997, Wooley, No. 97-K-1634, that proceeding does not qualify for tolling under §2244(d)(2). Moore, supra; Charleston, supra.

    Wooley's motion for new trial remained pending before the state

courts until it was disposed of on the merits by the Louisiana Fourth Circuit on May 23, 2000.  Wooley, No. 2000-K-0838.  When Wooley failed to appeal that ruling to the Louisiana Supreme Court within the thirty-days allowed by Rule X, §5(a), the §2244(d) limitation period began running again on June 22, 2000 and was tolled twenty-five days later on July 18, 2000 when he executed his writ application to the Louisiana Supreme Court.  Wooley, 798 So. 2d 958.  Subsequent to July 18, 2000, Wooley had various matters pending before all three levels of the state court system until his application for rule to show cause and request for contradictory hearing was denied by the trial court on November 26, 2001.  Once again, Wooley did not appeal the trial court's ruling within the five days allowed by Article 914(B)(1).  Accordingly, the §2244(d) limitation period commenced running again on December 2, 2001 and was tolled on September 25, 2002, some two hundred ninety-seven days later, when Wooley executed his PCRA to the trial court.  Years later, another thirty more days of untolled time expired between April 17, 2006, the date his most recent writ application to the Louisiana Supreme Court was denied, and May 18, 2006, the date he signed his federal habeas petition.

Cumulating the foregoing periods of untolled time (i.e., 40 + 309 + 25 + 297 + 30 = 701), it is obvious that Wooley's petition was filed well in excess of the one year allowed by §2244(d).  By way of

a supplemental filing in this proceeding, Wooley claims to have submitted a writ application to the Louisiana Supreme Court on October 16, 2001 in which he sought to continue with the prosecution of his direct criminal appeal which had actually been finalized in 1988.  (Rec. doc. 10).  After purportedly submitting that writ application, Wooley waited until August 8, 2005, nearly four years later, before corresponding with the Louisiana Supreme Court to inquire about the alleged filing.  (Rec. doc. 10-4 at p. 8).  Ultimately, the Louisiana Supreme Court advised Wooley that a review of its records did not reveal that he had filed anything with that tribunal subsequent to October 5, 2001 until he submitted his most recent writ application on June 18, 2005.  (Id. at p. 34).  When Wooley attempted to resubmit the putative writ application in April of 2006, the Louisiana Supreme Court returned his untimely papers to him unfiled because his appeal had become final back in May of 1988. (Id. at pp. 35-39).

    The Louisiana Supreme Court thus concluded that Wooley had not submitted a writ application in October of 2001 as he claimed.  The Court is hardly in a position to second-guess that tribunal's review of its own docket.  Based on a review of the evidence that is before it, the Court believes that the conclusion of the Louisiana Supreme Court was correct.  In none of the state court pleadings prepared by Wooley subsequent to October 16, 2001 did he make any reference to

submitting a writ application to the Louisiana Supreme Court on that date. In the memorandum supporting his habeas petition, Wooley maintains that he submitted the putative writ application "... in response to [a] decision entered [on] October 5, 2001 [in] (No. 2000-KH-2265)..." (Rec. doc. 1, p. 16). The latter proceeding, however, had little to do with Wooley's direct criminal appeal; rather, it was, in essence, the continuation of a mandamus proceeding to compel a ruling on his motion for new trial. These inconsistencies lead the Court to believe that Wooley's argument for statutory tolling is not well taken. Lann v. Dretke, 111 Fed.Appx. 236 (5th Cir. 2004), cert. denied, 546 U.S. 845, 126 S.Ct. 93 (2005). In terms of equitable tolling, the burden is on Wooley to point to "rare and exceptional circumstances" sufficient to warrant invocation of doctrine, Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474 (1999), and to demonstrate that he did not sleep on his legal rights. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164, 121 S.Ct. 1124 (2001). The nearly four year delay exhibited by Wooley in inquiring about the status of the putative writ application does not establish due diligence on his part. Derouselle v. Cain, ___ Fed.Appx. ___, 2008 WL 2199825 at *1 (5th Cir. 2008). And even if the Court were to conclude that Wooley had indeed filed his writ application on October 16, 2001 as he claims

to have done, the other periods of untolled time noted earlier, when cumulated (i.e., 40 + 309 + 25 + 30 = 404), exceed the one year allowed by §2244(d). Wooley's habeas petition is untimely and should be dismissed as such.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Donald R. Wooley, Jr. be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __10th__ day of December, 2008.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE