UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD WOOLEY, JR. | CIVIL ACTION |
| VERSUS | NO: 06-2800 |
| N. BURL CAIN, WARDEN | SECTION: R |

**ORDER AND REASONS**

Before the Court is petitioner Donald Wooley's motion for a certificate of appealability in connection with this Court's judgment dismissing his petition for a writ of habeas corpus. R. Doc. 30. Pursuant to 28 U.S.C. § 2253 and FED. R. APP. PROC. 22(b), the Court must determine whether the certificate should issue. For the following reasons, the Court orders that a certificate of appealability SHALL NOT BE ISSUED.

I. BACKGROUND

Wooley, an inmate at the Louisiana State Penitentiary, is currently serving a life sentence pursuant to a 1986 second degree murder conviction. He filed a petition for a writ of habeas corpus in this Court on June 26, 2006, raising eight grounds for relief. R. Doc. 3. The magistrate judge issued a

report and recommendation on December 11, 2008, recommending that Wooley's petition be dismissed as time-barred under Antiterrorism and Effective Death Penalty Act's one-year statute of limitations, 28 U.S.C. § 2244(d). R. Doc. 24. On March 6, 2009, the Court adopted the magistrate's report and recommendation and dismissed Wooley's petition with prejudice. R. Doc. 26. Wooley has now filed a motion for a certificate of appealability pursuant to 28 U.S.C. § 2253. R. Doc. 30.

**II. LEGAL STANDARD**

A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**III. DISCUSSION**

Wooley raises two arguments in his motion for a certificate of appealability. First, he argues that the AEDPA statute of limitations never began to run because the state courts' failure to provide him with a transcript of his trial illegally prevented him from filing his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B). Second, he argues that the statute of limitations amounts to an unconstitutional suspension of the writ of habeas corpus. Because Wooley did not present either argument before the entry of judgment, they do not constitute proper grounds for an appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) ("We generally will not consider a claim raised for the first time in a COA application."). Even if these new arguments had been properly raised, however, they would not entitle Wooley to a certificate of appealability.

Wooley's first argument is that the one-year limitations period should be tolled because the state courts failed to provide him with a transcript of his trial and thereby prevented him from timely filing his federal habeas petition. *See* R. Doc. 30 at 3 ("Wooley was not able to obtain a copy of the record of

his state court murder trial ... . In other words, there was a state created impediment that prevented Wooley from being able to file anything."). The Court interprets this as an argument that the commencement date for the limitations period should be delayed pursuant to 28 U.S.C. § 2244(d)(1)(B).[1] That section provides, in relevant part:

> The limitation period shall run from ... the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

28 U.S.C. § 2244(d)(1)(B). In order to invoke the provision, a prisoner must show that: "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

In this case, reasonable jurists could not debate whether Wooley's alleged inability to access his state trial transcript prevented him from filing his federal habeas petition. Although the Fifth Circuit has not directly confronted this issue, a number of courts have concluded that, in the absence of extraordinary circumstances, a prisoner's ability to file a

---

[1] The argument could also be interpreted as a request for equitable tolling. The analysis would be the same under either approach because Wooley must demonstrate in either case that some circumstance beyond his control prevented him from timely filing his federal habeas petition. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004).

-4-

habeas petition is not dependent upon his ability to access the trial transcript.  See *Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *Randolph v. Taylor*, 69 Fed. Appx. 824, 825 (9th Cir. 2003); *Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002); *Crawford v. Costello*, 27 Fed. Appx. 57, 59 (2nd Cir. 2001); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd* 239 F.3d 365 (5th Cir. 2000).  As the Supreme Court aptly observed in *United States v. MacCollom*:

> The usual grounds for successful collateral attacks upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript.  He may well have a need of a transcript (to support his claim) but rarely, if ever, ... to become aware of the events or occurrences which constitute a ground for collateral attack.

426 U.S. 317, 327-28 (1976) (plurality opinion) (quoting *United States v. Shoaf*, 341 F.2d 832, 835 (4th Cir. 1964)).

In this case, Wooley has not explained how his lack of access to the transcripts prevented him from filing a federal habeas petition.  Several of his claims for relief turn on events that would not have been recorded in the trial transcript.  *See* R. Doc. 3 at 28 (alleging that trial court improperly refused to provide Wooley with trial transcript); *id.* at 35 (alleging that grand jury was selected in racially discriminatory manner); *id.* at 30-31 (alleging that trial counsel rendered constitutionally

ineffective assistance by failing to file a pre-trial motion to quash the indictment). Moreover, while a trial transcript may have aided Wooley in establishing the merits of his other claims, there is no indication that his lack of access to a transcript prevented him from *filing* a habeas petition. *Cf. Gassler*, 255 F.3d at 495 ("Possession of a transcript ... is not a condition precedent to the filing of [habeas] proceedings. A petition seeking collateral relief could have been filed, following which, if necessary for decision of the issues raised, the court could have ordered production of the transcript."). Indeed, the fact that he eventually filed his federal petition without the benefit of a transcript undercuts his assertion that his inability to access the full transcript prevented him from preparing his petition earlier. For all of these reasons, the Court concludes that Wooley has not made a substantial showing that the dismissal of his petition as time-barred was in error.

Wooley also argues in his motion that AEDPA's one-year statute of limitations amounts to an unconstitutional suspension of the writ of habeas corpus. *See* U.S. CONST. art. I, § 9. There is no merit to this claim. Every court of appeals to address the issue, including the Fifth Circuit, has concluded that AEDPA's statute of limitations does not unconstitutionally suspend the writ of habeas corpus. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392-93 (5th

Cir. 1999); *Delaney v. Matesanz*, 264 F.3d 7, 12-13 (1st Cir. 2001); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000); *Mueller v. Angelone*, 181 F.3d 557, 572-73 (4th Cir. 1999); *Saylor v. Mack*, 27 Fed. Appx. 321 (6th Cir. 2001) (unpublished); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998); *Wyzykowski v. Dep't of Corrs.*, 226 F.3d 1213, 1217-18 (11th Cir. 2000). Reasonable jurists could not debate this well-settled proposition.

**IV. CONCLUSION**

For all of the foregoing reasons, the Court concludes that Wooley has not demonstrated that he is entitled to a certificate of appealability

Accordingly,

IT IS ORDERED that a certificate of appealability SHALL NOT BE ISSUED.

New Orleans, Louisiana, this __6th__ day of May, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE